■ BOARD OF FIRE COMMISSIONERS OF THE LAKEVIEW FIRE DISTRICT et al., Petitioners, v. NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Cross proceeding by the State Division of Human Rights pursuant to section 298 of the Executive Law to enforce an order of the State Human Rights Appeal Board, dated February 3, 1971, which affirmed an order of said Division of Human Rights, dated August 12, 1970, *inter alia,* directing the Board of Fire Commissioners of the Lakeview Fire District to appoint the complainant, Eugene J. Reed, to membership in the Lakeview Hook, Ladder and Engine Company No. 1, Inc. Said Board of Fire Commissioners and Lakeview fire company had originally attempted to institute a proceeding to annul the above-mentioned orders (and for that reason the State Division of Human Rights' proceeding is referred to as a cross proceeding). However, they failed to perfect and prosecute a proper proceeding. Because of the styling of the papers, said Board of Fire Commissioners and Lakeview fire company will be referred to herein as the petitioners. Cross proceeding by the State Division of Human Rights granted, without costs, and petitioners are directed to comply with the above-mentioned order of the State Human Rights Appeal Board. No

opinion. Rabin, P. J., Hopkins and Shapiro, JJ., concur; Munder, J., dissents and votes to deny the cross proceeding for an enforcement order, with the following memorandum, in which Latham, J., concurs: In my view there was not substantial evidence to sustain the finding that Eugene Reed, a Negro, was denied admission to the Lakeview fire company because of his race. The record shows that Reed first applied for membership in the fire company in 1961. He was sponsored by two of the members, but was rejected. Three members of the committee which investigated Reed's application in 1961 testified, without contradiction, that he had told them he had prior firematic experience, that his father was a captain in a Rockville Centre fire company and that he himself had been approved for membership in that company. An investigation showed these statements by Reed were not true. In view of this deception, particularly on the vital point of previous firematic experience, the Lakeview fire company was more than justified in rejecting him. And with this background, the company had reason to take a jaundiced view of Reed's reapplication in 1968. He had been a source of agitation in the community and he admitted being "detained" on an assault charge. In short, it was clear that Reed was not motivated by any deep concern for the protection of the community. More to the point, the record shows that William Smith, also a Negro, became a member of the company shortly before Reed's rejection in 1968. Smith testified that he has seen no indication that the company is racially biased and that he has been encouraged to contact other people in the fire district and have them apply for membership. Under these circumstances, I conclude that the finding of racial discrimination by the Division of Human Rights and the affirmation of it by the Appeal Board were not supported by the evidence.